# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

OLAN KENNEDY, )
)
                Plaintiff, )
)
        v. )         No. CIV-04-249-S
)
DARRIN SMITH, et. al., )
)
                Defendants.)

## ORDER

This action is before the court on the defendants' Deputy Sheriff Darrin Smith, Muskogee County Court Clerk Paula Sexton, and Sheriff Charles Pearson's Motion For Summary Judgment (docket #165). The court rules as follows on the motion.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at the Mack Alford Correctional Center in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. Sec. 1983 seeking monetary damages and injunctive relief for alleged violations of his constitutional rights. The remaining defendants are Deputy Sheriff Darrin Smith; Paula Sexton, Muskogee County Court Clerk and Muskogee County Sheriff Charles Pearson.

Plaintiff's complaint concerns news reports of an anonymous note received by the Muskogee County Sheriff's Department that alleged he had killed a 10-year-old child and buried him in the basement of an abandoned Muskogee hotel. According to plaintiff, defendant Muskogee County Court Clerk Sexton received the anonymous note through the mail, but failed to contact the United States postal authorities or to have it checked for forensic

1

evidence. Defendant Sexton handed the note over to the Muskogee County Sheriff's Office who thoroughly investigated the note. When their investigation failed to produce anything, the Sheriff's Department decided to publish the letter locally to seek assistance from the public regarding the allegations in the letter. Plaintiff contends the police failed to follow normal investigation procedures and to the keep the note confidential. Instead, they allegedly immediately contacted the media and made public statements.

Plaintiff further alleges that on or about April 1, 2004, acting in conspiracy with each other, the defendants made and published libelous, slanderous, defamatory, malicious, negligent, vindictive, sensationalist, and tabloid-type false statements against him. The statements allegedly endangered plaintiff's life by falsely connecting him to criminal elements, for the purpose of depriving him of meaningful parole consideration. Plaintiff also claims he has suffered mental and physical pain and suffering as a result of the defendants' disregard of basic investigation and news reporting standards. Defendants have filed this motion arguing plaintiff cannot establish a conspiracy, plaintiff cannot establish an injury of a constitutional magnitude, defendants are entitled to qualified immunity and plaintiff cannot state a claim for defamation. Plaintiff filed several responses stating that the allegations contained in the motion for summary judgment are false and that he has been denied discovery on his claim. The court has carefully reviewed the record and construes plaintiff's pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff has failed to present any evidence regarding his claim that he was denied discovery on his claims. His conclusory allegations regarding this issue are insufficient to establish a claim with the court.

## Findings of Fact

The court finds the facts as follows. Plaintiff Olen Kennedy was convicted of murder on September 25, 1973, and sentenced to life in prison. Plaintiff is currently incarcerated at the Mack Alford Correctional Center in Stringtown, Oklahoma. In March 2004, the Muskogee County Court Clerk's Office received an anonymous letter suggesting that Olen Kennedy had killed the "10 yr old Nix boy" and hidden the body in the basement of the "Old Muskogee Hotel". The letter was forwarded to the Sheriff's Office. Defendant Sheriff Pearson assigned the investigation to defendant Deputy Sheriff Smith. As part of the investigation, the Sheriff's Office searched the basement of the hotel, sought out representatives of the Nix family, interviewed plaintiff and ultimately having failed to uncover any leads, published the anonymous letter to the media, with the instruction that "Anyone with information about the old Muskogee Hotel buried-child case should call the Muskogee County Sheriff's Office at 687-0202." The investigation was inconclusive, no ongoing investigation file was deemed to be necessary, and no charges were filed.

Plaintiff was denied parole in October 1998, November 2001, and October 2004. Plaintiff has been recommended for parole as many as fifteen times, but has been denied every time. Plaintiff does not know why he was denied parole. He does not know if the parole board knew about or considered the publication at the time of the parole hearing.

## I. Plaintiff cannot establish a conspiracy

Plaintiff contends these defendants conspired to violate his constitutional rights. "Allegations of conspiracy may, indeed, form the basis of a Sec. 1983 claim." Hunt v. Bennett, 17 F.3rd 1263, 1266 (10th Cir. 1994). In order to assert a conspiracy claim, plaintiff must "allege specific facts showing an agreement and concerted action amongst the defendants." There needs to be evidence of an agreement to deny plaintiff of a constitutional right. Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 533 (10th Cir. 1998). Conclusory allegations regarding a conspiracy are insufficient to state a claim. Id. at 533 and Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005).

As to the defendant Sexton, plaintiff alleges her sole role in the underlying events was limited to receiving the anonymous letter and forwarding it to the Sheriff's office. As to defendants Pearson and Smith, plaintiff clearly disagrees with the investigative methods used to investigate the letter, but he offers no evidence of any "concerted action" between the defendants to deprived him of his constitutional rights. The role of the Sheriff's office was to investigate the allegations made in the letter. This does not appear to be an unconstitutional goal. In fact, it was their job. Plaintiff must establish there was an agreement among the defendants to deprive him of a constitutional right. Plaintiff does not even offer conclusory allegations of a conspiracy. He has failed to establish that their was an agreement among defendants to deprive him of his constitutional rights. Accordingly, his claim must fail.

The civil rights conspiracy claim was the only federal claim in the lawsuit. The remaining claims are state law in nature.

The Tenth Circuit has held that when federal claims are resolved prior to trial, the district court should usually decline to exercise jurisdiction over state law claims and allow plaintiff to pursue them in state court.  <u>Ball v. Renner</u>, 54 F. 3d 664, 669 (10th Cir. 1995) and 28 U.S.C. Sec. 1367 (c)(3) (stating that when all federal claims are dismissed, district court may decline to exercise jurisdiction over remaining state claims.)  Accordingly, the court declines to exercise jurisdiction over the remaining state law claims.  Therefore, the court hereby dismisses without prejudice this case in its entirety.

**Dated this 11th Day of April 2007.**

*Frank H. Seay*
United States District Judge